IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICRON TECHNOLOGY, INC.,<br>    Plaintiff, and<br>    Counterclaim Defendant,<br><br>v.<br><br>RAMBUS INC.,<br>    Defendant and<br>    Counterclaim Plaintiff. | C.A. No. 00-792-KAJ |
| MICRON TECHNOLOGY, INC.,<br>    Plaintiff,<br><br>v.<br><br>RAMBUS INC.,<br>    Defendant. | C.A. No. 06-269-KAJ |

### PLAINTIFF MICRON TECHNOLOGY, INC.'S MOTION TO CONSOLIDATE

*Of Counsel:*

WEIL, GOTSHAL & MANGES LLP
Matthew D. Powers
Jared Bobrow
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1175
(650) 802-3000

QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
William C. Price
Jon R. Steiger
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

Frederick L. Cottrell, III (#2555)
Cottrell@rlf.com
Matthew W. King (#4566)
King@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Plaintiff Micron Technology, Inc.

Dated: May 8, 2006

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ................................................................................................................... 1

NATURE AND STATE OF THE PROCEEDING AND FACTUAL BACKGROUND ........ 1

ARGUMENT ........................................................................................................................... 4

I.   THIS COURT HAS BROAD POWERS TO CONSOLIDATE THESE ACTIONS .... 4

II.  THIS COURT HAS HELD, AS THE PARTIES AGREED, THAT THESE
     ACTIONS INVOLVE COMMON ISSUES OF FACT .................................................. 5

     A.   This Court Has Determined that the Two Actions Involve Common Issues
          of Fact .................................................................................................................. 5

     B.   Rambus Argued to This Court That These Actions Are "Essentially
          Duplicative" ......................................................................................................... 6

     C.   Micron Has Conceded That These Actions Share Common Factual Issues ....... 7

III. NO INCONVENIENCE, DELAY, OR EXPENSE WILL RESULT FROM THE
     CONSOLIDATION OF THESE ACTIONS. .................................................................. 8

CONCLUSION ........................................................................................................................ 9

# TABLE OF AUTHORITIES

**Page**

## Cases

*Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc.*,
  339 F.2d 673 (3d Cir. 1964) .......................................................................................... 4

*Honeywell Int'l Inc. v. Audiovox Commc'ns Corp.*, No. Civ. A. 04-1337-KAJ,
  2005 WL 2465898 (D. Del. May 18, 2005) ................................................................ 4

*Rohm & Haas Co. v. Mobil Oil Corp.*,
  525 F. Supp. 1298, 1309 (D. Del. 1981) ..................................................................... 4

*Waste Distillation Tech., Inc. v. Pan Am. Res., Inc.*,
  775 F. Supp. 759 (D. Del. 1991) ........................................................................ 4, 5, 8

## Statutes

Fed.R.Civ.P. 42(a) ............................................................................................................ 4

## INTRODUCTION

Plaintiff Micron Technology, Inc. ("Micron") moves to consolidate two cases currently before this Court involving the same parties, the same underlying dispute, and the same essential facts. Consolidating these cases will expedite resolution of the actions, eliminate unnecessary duplication in discovery and motion practice, and economize judicial resources, with no undue inconvenience, delay, or expense to Defendant Rambus Inc. ("Rambus"). Further, consolidation would allow both actions to be decided after a single trial, with Micron's RICO claims decided by a jury, and its unclean hands defense decided by the Court.

## NATURE AND STATE OF THE PROCEEDING AND FACTUAL BACKGROUND

1.  On August 28, 2000, Micron commenced Civil Action No. 00-792-KAJ against Rambus. (00-792-KAJ D.I. 1). On February 1, 2001, Micron filed its Amended Complaint alleging two counts of monopolization and attempted monopolization, one count of deceptive trade practices, one count of breach of contract, one count of fraud, one count of equitable estoppel, and eight counts seeking a declaration of the invalidity, unenforceability, and noninfringement of eight patents asserted by Rambus.[1] (00-792-KAJ D.I. 76).

2.  On February 15, 2001, Rambus answered Micron's Amended Complaint and counterclaimed, alleging infringement of the eight patents. (00-792-KAJ D.I. 90).

---

[1] U.S. Patent Nos.: 5,915,105 (the "'105 Patent"); 5,953,263 (the "'263 Patent"); 5,954,804 (the "'804 Patent"); 5,995,443 (the "'443 Patent"); 6,032,214 (the "'214 Patent") 6,032,215 (the "'215 Patent"); 6,034,918 (the "'918 Patent"); and 6,038,195 (the "'195 Patent"). These eight patents all derive from one initial patent application, U.S. Patent App. No. 07/510,898 (the "'898 Application").

1

3. On August 21, 2001, Rambus moved to stay this action pending its appeal to the Federal Circuit of Rambus's patent infringement suit against Infineon Technologies AG in the United States District Court for the Eastern District of Virginia. (00-792-KAJ D.I. 392).

4. On February 27, 2002, Judge McKelvie agreed to postpone pretrial activities and trial in this action in light of Rambus's appeal of the *Infineon* decision. (00-792-KAJ D.I. 528). The Court conditioned the delay on Rambus agreeing to stay all other litigation, foreign and domestic, between Micron and Rambus, except a suit in Germany, and an agreement by Rambus not to file additional suits relating to the implicated Rambus patents. (00-792-KAJ D.I. 529).

5. On January 13, 2006, the Court granted Rambus's motion to lift the stay. (00-792-KAJ D.I. 705). The Court also granted Rambus leave to amend its counterclaims to include four new patents and three new product platforms. (00-792-KAJ D.I. 705, 706). The same day that the Court lifted the stay, Rambus commenced a second patent litigation against Micron—a so-called "DDR 2" lawsuit—in the Northern District of California.

6. On February 9, 2006, the Court held a scheduling conference in this matter. During the hearing, the Court ruled that the claims in this lawsuit would be tried in a multi-phase trial and set the trial on Micron's unclean hands defense for October 23-31, 2006. (00-792-KAJ D.I. 709).

7. On February 14, 2006, Rambus moved to transfer this action to the Northern District of California. (00-792-KAJ D.I. 712).

8. On February 21, 2006, Micron filed a complaint in the Eastern District of Virginia against Rambus for violations of the Racketeer Influenced and Corrupt Organization ("RICO") Act (18 U.S.C. §§ 1961 et seq.), and the statutory and civil conspiracy provisions of Virginia law

RLF1-3011588-1

(Va. Code §§ 18.2-499, 500) (the "RICO Complaint").[2] The RICO Complaint sets forth facts establishing that Rambus, its management, and legal counsel destroyed or suppressed material evidence and submitted false testimony in furtherance of "a long-running corrupt scheme designed to use litigation or the threat of litigation to obtain massive royalties from DRAM manufacturers and suppliers of other semiconductor products."

9.  On February 28, 2006, Rambus filed with this Court its motion to enjoin Micron from pursuing the RICO action in the Eastern District of Virginia. (00-792-KAJ D.I. 718). Specifically, Rambus argued that the facts asserted in the RICO Complaint are duplicative of the facts at issue in this proceeding.

10. On March 16, 2006, the Court entered a Scheduling Order trifurcating the trial of this action into three phases: (1) the "unclean hands" phase; (2) the "patent" phase; and (3) the "conduct" phase. (00-792-KAJ D.I. 739). In that order, the Court set June 30, 2006, as the deadline for all motions to amend or supplement the pleadings.

11. On March 29, 2006, the Court entered an Order denying Rambus's motion to transfer and granting Rambus's motion to enjoin. (00-792-KAJ D.I. 751).

12. On April 20, 2006, Judge Payne in the Eastern District of Virginia signed an order transferring the RICO action to this Court. That action is now pending as Civil Action No. 06-269-KAJ. Rambus has not yet responded to the RICO action.

---

[2] *Micron Technology, Inc. and Micron Semiconductor Products, Inc. v. Rambus Inc.*, Civil Action No. 3:06 CV 132 (E.D. Va.) ("RICO action").

## ARGUMENT

### I. THIS COURT HAS BROAD POWERS TO CONSOLIDATE THESE ACTIONS

13. Federal Rule of Civil Procedure 42(a) permits this Court to consolidate actions involving a common issue of law or fact for the economy and convenience of the Court and the parties. The rule states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

14. Rule 42(a) gives this Court "broad powers to consolidate actions involving common questions of law or fact if, in its discretion, such consolidation would facilitate the administration of justice." *Waste Distillation Tech., Inc. v. Pan Am. Res., Inc.*, 775 F. Supp. 759, 761 (D. Del. 1991) (citing *Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964)); *see also Honeywell Int'l Inc. v. Audiovox Commc'ns. Corp.*, No. Civ. A. 04-1337-KAJ, 2005 WL 2465898, at *2 (D. Del. May 18, 2005). The Court must balance the savings of time and effort gained through consolidation against the inconvenience, delay, or expense that might result from simultaneous disposition of the separate actions. *Waste Distillation Tech.*, 775 A.2d at 761 (citing *Rohm & Haas Co. v. Mobil Oil Corp.*, 525 F. Supp. 1298, 1309 (D. Del. 1981)). In *Audiovox*, this Court granted the plaintiff's motions to consolidate because "the cases certainly do involve common questions of law and fact which make sense to handle for certain purposes on a consolidated basis." 2005 WL 2465898, at *4. In *Waste Distillation Tech.*, this Court granted the motion to consolidate because "[b]oth suits involve[d] the same plaintiff, an identical factual setting, the same witnesses, documents, and exhibits." *Waste Distillation Tech.*, 775 A.2d at 761. The Court further held:

> Consolidation will encourage orderly pretrial discovery, save witness time and expense, avoid duplicitous filings, and eliminate the risk of inconsistent results between two proceedings. Not only will resolution of separate actions waste time, energy and money but nothing has been presented to indicate that any inconvenience, delay or expense will result from simultaneous disposition.

*Id.*

15.   Applying these considerations here, the Court should consolidate the two actions pending before it into a single action set for the first phase of trial in October 2006. Pursuant to Federal Rule of Civil Procedure 38, Micron hereby demands trial by jury of the claims brought in Civil Action No. 06-269-KAJ. After a single trial, therefore, Micron's RICO claims will be decided by a jury and its unclean hands defense will be decided by the Court.

## II.   THIS COURT HAS HELD, AS THE PARTIES AGREED, THAT THESE ACTIONS INVOLVE COMMON ISSUES OF FACT

### A.   This Court Has Determined that the Two Actions Involve Common Issues of Fact

16.   This Court has already recognized that Micron's allegations in the RICO Complaint, now pending in Civil Action No. 06-269-KAJ, and its unclean hands defense in Civil Action No. 00-792-KAJ, present common issues of fact. At the hearing on Rambus's motion to enjoin the RICO action, this Court, addressing counsel for Micron, stated: "It's your case here, it's your case down there. . . . You have got the same essentially, if not entirely, very nearly entirely the same facts and you can deal with your facts in one place instead of making two judges in two Districts try to deal with it." *See* Tr. of March 29, 2006, Motion Hearing (00-792-KAJ D.I. 752) at 25-26. The Court further stated: "But as far as you being permitted to proceed down there while you've got the same factual allegations in front of me, that's just not happening." *Id.* at 27.

17. In light of the Court's finding on Rambus's motion to enjoin the RICO action that the factual issues in both actions are in many respects identical, and its reliance on that finding to enjoin the RICO action, it is respectfully suggested that the Court should now exercise its broad discretion under Fed. R. Civ. P. 42(a) to consolidate the actions.

**B. Rambus Argued to This Court That These Actions Are "Essentially Duplicative"**

18. Rambus cannot reasonably contest the consolidation of these two actions. The entire basis of Rambus's motion to enjoin Micron from prosecuting its action in the Eastern District of Virginia was Rambus's contention that the RICO claims there and the unclean hands defense in Civil Action No. 00-792-KAJ rested on identical factual allegations. *See* Opening Brief in Support of Rambus's Motion to Enjoin (00-792-KAJ D.I. 718) at 2-3 ("Micron's purported RICO case in Virginia is demonstrably based on the *very same factual allegations* that Micron has asserted as the basis of its unclean hands defense and monopolization and declaratory judgment claims here.") (emphasis added); *id.* at 3 (noting that a comparison of Micron's allegations in this case and "the allegations contained in the Complaint in the Virginia Action reveals that the two cases are based *on the same allegations*") (emphasis added); *id.* at 9 ("The Virginia Action alleges that Rambus engaged in destruction of documents and litigation misconduct that *are identical* to its allegations in this case.") (emphasis added); *id.* at 10 ("In short, the allegations in the Virginia Action *entirely overlap* the allegations made in this case.") (emphasis added).

19. Having succeeded in its motion to enjoin Micron in Virginia, Rambus should not be heard to argue now that the two actions pending before this Court do not present common issues of fact sufficient to satisfy Rule 42(a).

### C. Micron Has Conceded That These Actions Share Common Factual Issues

20. In opposition to Rambus's motion to enjoin the RICO action, Micron conceded that the two actions share common factual issues. As stated by counsel for Micron: "Let me address [Rambus's argument] first by acknowledging that in many respects the facts are the same. And, in fact, we take the position that really in all respects they should be." Tr. of March 29, 2006, Motion Hearing (00-792-KAJ D.I. 752) at 13. In support of its motion, Rambus alerted the Court to Micron's concession. *See, e.g.*, Reply Brief in Support of Rambus's Motion to Enjoin Micron (00-792-KAJ D.I. 740) at 1 ("Micron does not even attempt to dispute that the Virginia Action is based on the very same allegations that are to be tried in this case."); *see also* Tr. of March 29, 2006, Motion Hearing (00-792-KAJ D.I. 752) at 4 (counsel for Rambus stating: "Micron does not dispute, nor can it, that there is a complete overlap between the allegations in the Virginia complaint and the allegations before this Court to be tried as part of the unclean hands trial and part of the declaratory judgment.").

21. The instant motion is therefore entirely consistent with Micron's opposition to Rambus's earlier motion. Whatever the merits of going forward in the Eastern District of Virginia may have been, now that both actions are pending before this Court, they should be consolidated because common issues of fact predominate.

22. In both actions, Micron intends to prove that Rambus, its management, and its legal counsel engaged in a long-term scheme involving massive spoliation of evidence and other litigation-related misconduct. Among the common issues of fact on which Micron will present evidence are: that Rambus is not the owner of patents issuing from the '898 application; beginning in 1997, that Rambus formulated a plan to make itself "Battle Ready" by destroying documents in anticipation of litigation; that Rambus destroyed documents that would have been discoverable in litigation on three separate occasions referred to by Rambus employees as "Shred

7

Days"; that Rambus purged its computer systems of documents and email; and that Rambus employees have given false testimony in Civil Action No. 00-792-KAJ and other lawsuits. Consolidation of the two actions would result in a significant saving of time and effort by allowing the parties to litigate these factual issues in a single trial.

23.   Micron will seek to examine many, if not all, of the same witnesses in the two actions. The key witnesses to Rambus's document destruction and other wrongdoing are former Rambus executives and employees. As in *Waste Distillation Tech.*, the desire to save witnesses' time and expense counsels in favor of consolidating the actions here. 2005 WL 2465898, at *4.

24.   The documents and exhibits necessary to prove Micron's allegations in the two actions will also overlap significantly.

### III. NO INCONVENIENCE, DELAY, OR EXPENSE WILL RESULT FROM THE CONSOLIDATION OF THESE ACTIONS.

25.   Consolidation of these actions will not cause inconvenience, delay, or expense to either party. To the contrary, the parties and the Court will be spared the unnecessary inconvenience, delay, and expense of conducting duplicative discovery, motion practice, and separate trials concerning the same facts.

26.   Rambus will not be prejudiced by an October trial on the RICO claims because those claims are not only based upon the same facts as Micron's unclean hands defense, Rambus has known about the claims since February. This provides Rambus ample time to prepare its defense.

27.   Micron proposes to try the allegations of its RICO Complaint during the trial on Micron's unclean hands defense, currently scheduled for October 23-31, 2006. Micron has not sought any extension of those trial dates, and the RICO Complaint allegations will therefore be

resolved much sooner than if Civil Action No. 06-269-KAJ proceeded as a separate action with its own discovery and trial schedule.

## CONCLUSION

For the foregoing reasons, Plaintiff Micron respectfully requests that this Court enter an order consolidating Civil Action No. 00-792-KAJ and Civil Action No. 06-296-KAJ into a single action set for the first phase of trial in October of this year. Micron further requests that the single October trial be held before a jury, with Micron's RICO claims to be decided by the jury, and its unclean hands defense to be decided by the Court.

*Of Counsel:*

WEIL, GOTSHAL & MANGES LLP
Matthew D. Powers
Jared Bobrow
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1175
(650) 802-3000

QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
William C. Price
Jon R. Steiger
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

Dated: May 8, 2006

/s/ Frederick L. Cottrell, III
Frederick L. Cottrell, III (#2555)
Cottrell@rlf.com
Matthew W. King (#4566)
King@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Plaintiff Micron Technology, Inc.

## CERTIFICATE OF REASONABLE EFFORTS PURSUANT TO LOCAL RULE 7.1.1

The undersigned hereby certifies that counsel for Micron Technology, Inc. ("Micron") has conferred with counsel for Rambus Inc. ("Rambus") regarding Micron's Motion to Consolidate. Counsel for Rambus has informed Micron that Rambus will not consent to the relief sought in the motion.

                                                                  /s/ Matthew W. King
                                                                  Matthew W. King

**CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2006, I electronically filed and hand delivered the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

>Mary B. Graham, Esquire
>Morris, Nichols, Arsht & Tunnell
>1201 North Market Street
>P.O. Box 1347
>Wilmington, DE 19899-1347
>
>Josy W. Ingersoll, Esquire
>Young Conaway Stargatt & Taylor
>Rodney Square North
>P.O. Box 391
>Wilmington, DE  19899-0391

I hereby certify that on May 8, 2006, I transmitted the document by Federal Express to the following non-registered participant:

| | |
|---|---|
| Marc E. Raven, Esquire<br>Sidley Austin Brown & Wood LLP<br>10 S. Dearborn Street<br>Chicago, IL  60603 | Gregory P. Stone, Esquire<br>Munger Tolles & Olson<br>355 South Grande Avenue, 35th Floor<br>Los Angeles, CA  90071 |

/s/ Matthew W. King
Matthew W. King (#4566)
(king@rlf.com)
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE  19899

RLF1-2855095-1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICRON TECHNOLOGY, INC.,<br>    Plaintiff, and<br>    Counterclaim Defendant,<br><br>v.<br><br>RAMBUS INC.,<br>    Defendant and<br>    Counterclaim Plaintiff. | C.A. No. 00-792-KAJ |
| MICRON TECHNOLOGY, INC.,<br>    Plaintiff,<br><br>v.<br><br>RAMBUS INC.,<br>    Defendant. | C.A. No. 06-269-KAJ |

## PROPOSED ORDER

The Court, having considered Plaintiff Micron Technology, Inc.'s Motion To Consolidate, and good cause having been shown,

IT IS HEREBY ORDERED this ____ day of _____, 2006 that the Motion is granted.

Civil Action No. 00-792-KAJ and Civil Action No. 06-269-KAJ are hereby consolidated for all purposes, under the caption for Civil Action No. 00-792-KAJ.

The first phase of the trial of this consolidated action will be held before a jury on October 23-31, 2006, with Micron's RICO claims to be decided by the jury and its unclean hands defense to be decided by the Court.

_____
The Honorable Kent A. Jordan

RLF1-3011766-1