IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MICRON TECHNOLOGY, INC.,                )
and MICRON SEMICONDUCTOR              )
PRODUCTS INC.,                                 )
                                                     )
                Plaintiffs,                          )
        v.                                           )        C.A. No. 06-269-KAJ
                                                     )
RAMBUS INC.,                                  )
                                                     )
                Defendant.                          )
_____  )

**MOTION TO EXTEND TIME TO
RESPOND TO MICRON'S COMPLAINT**

        Defendant Rambus Inc. ("Rambus") hereby moves for an extension of time to

May 26, 2006 to respond to the complaint of plaintiffs Micron Technology Inc. and Micron

Semiconductor Products Inc. (collectively, "Micron"), which was transferred to this Court on

April 25, 2006.  This action, originally filed by Micron in the Eastern District of Virginia, was

transferred by that court to Delaware following this court's order enjoining Micron from

pursuing this action in Virginia.  This action contains three counts against Rambus:  two counts

based upon the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and one count

based upon a Virginia conspiracy statute.

        Rambus intends to respond to the complaint by moving to dismiss under Rule

12(b)(6) because, among other things, Micron's RICO claims are barred by the applicable four-

year statute of limitations, Micron has failed to meet the requirement of alleging a RICO

enterprise distinct from defendant Rambus, and Micron has failed to allege any RICO injury.[1]

---

[1]     Rambus also intends to move to dismiss the complaint under Rule 9(b) because its fraud
        allegations are vague and conclusory.

Micron's conspiracy claim based on Virginia law is likewise deficient because, among other reasons, it alleges that Rambus conspired with its own officers, employees and other agents, but, under settled law, a company cannot conspire with itself, *i.e.* with its agents.

If April 25, 2006, the date on which this case was transferred to this Court, is deemed to be the date from which the twenty-day period to respond to the complaint is calculated, Rambus's request amounts to only an eleven-day extension. A month to respond to a complaint, as Rambus is requesting, is hardly unusual or excessive, in virtually any case. Given the numerous threshold issues presented by Micron's complaint, that length of time to respond is particularly warranted here so that Rambus can consider and adequately brief all bases for its motion to dismiss.

When Rambus approached Micron to request that Micron agree to an extension until May 26, Micron responded that it would agree to an extension until May 15, but would not agree to an additional eleven-day extension (to May 26) unless Rambus first agreed to the consolidation of this new action with the action between Rambus and Micron that has been pending before this Court for six years (C.A. No. 00-792), and also agreed that the trial of this RICO case would take place in October 2006, along with the "unclean hands" trial in C.A. No. 00-792. [2] Rambus's request for four weeks to respond to the complaint is not unreasonable, and

---

[2]    In a May 5, 2006 email to Rambus's local counsel, responding to the request for an extension, Micron's local counsel stated:

As to the extension, we will give you to the end of the month if you agree to consolidate and try RICO in October. If not, we could agree to an extension until [May 15] only since we do not want any argument that a longer extension impacts our request to try RICO in October.

Rambus should not be required to agree to any conditions to obtain a reasonable and necessary extension to respond to the complaint. Rambus refused to agree to such conditions.[3]

RICO claims under 18 U.S.C. § 1962(c) and (d) involve myriad complex legal issues and Micron's 37-page complaint with its 139 paragraphs is no exception. A RICO plaintiff under Section 1962(c), for example, as set out by the U.S. Supreme Court, must properly plead, *inter alia*, "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). The *Manual for Complex Litigation* (2004 ed.) addresses the handling of RICO litigation and makes clear the importance of a RICO defendant's having a full opportunity at this stage of the litigation to consider its defenses so as to be in a position to present a motion directed to the pleadings.

As noted in the Manual, the pleadings play an especially important role in civil RICO cases and, correspondingly, motions to dismiss are regarded as particularly important in this context. The Manual observes that, "Certain issues persistently appear in RICO litigation and can significantly affect the viability of the claim. Addressing these issues early in the case can reveal the presence of fatal flaws in the complaint before the court or the parties expend significant resources." (*Manual for Complex Litigation* at 708.) The Manual also notes that

> Federal Rules of Civil Procedure 9(b)'s strict requirements may result in extensive motion practice directed at dismissing all or parts of the complaint. Motions pursuant to Rule 12 are all but certain. The outcome of these motions can affect the scope of litigation by obviating discovery and other proceedings related to dismissed claims....

(*Id.* at 718)[4]

---

[3]    Micron has now filed a motion to consolidate this case with C.A. No. 00-792, and Rambus will respond to that motion for consolidation in due course.

[4]    The Manual also encourages courts to require RICO plaintiffs to file a RICO case
(Continued . . . )

Micron's refusal to agree to Rambus's request for an additional eleven-day extension beyond May 15 unless Rambus first agrees to the consolidation of this case with the unclean hands trial in C.A. No. 00-792 scheduled for October is not reasonable. Micron could have brought its RICO complaint (and should have if it had merit) in Delaware many years ago, and nothing has prevented it from earlier seeking to try its RICO claim this October. It was Micron's decision to wait until late February 2006 to first bring its RICO claims, and then to bring those claims in Virginia instead of here. Given Micron's actions, it can hardly claim that allowing Rambus eleven additional days to respond to the complaint beyond the May 15th date to which Micron was willing to agree results in excessive delay.

Moreover, after this Court enjoined this case from proceeding in Virginia, Micron waited nearly two weeks before notifying the Virginia court of the injunction, and waited another ten days before formally advising the Virginia court that Micron agreed to the transfer of this case to Delaware. Given the pace of its own actions, Micron should not be heard to complain about the short extension of time that Rambus requests to respond to the complaint.

Rambus, on the other hand, acted diligently in first approaching Micron's counsel to request an extension, and then in bringing this motion for an extension. This case was docketed in this Court on April 25, 2006. Rambus first learned that this case had been docketed

---

(. . . continued.)

statement, which sets forth in detail, among other things, the alleged pattern of racketeering activity, the manner in which the predicate acts form a pattern of racketeering activity, and a description of the alleged enterprise, including the names of the persons or entities allegedly constituting the enterprise, its structure and purpose, and the relationship and association of the defendant to the enterprise. *Manual For Complex Litigation* at 706.) The Manual states that, "the RICO case statement, together with a reading of the complaint, will help narrow the issues and identify claims that lack merit, which can then be dismissed (with or without prejudice) before significant time and effort is spent." *Id.* Rambus believes that Micron should provide such a RICO case statement

(Continued . . . )

with this Court two days later, on April 27, and on that same day approached Micron's counsel with a request that Rambus be given 30 days to respond to the complaint. On May 5, 2006, Micron advised Rambus that before agreeing that Rambus had 30 days to respond to the complaint, Micron wanted Rambus to agree to the consolidation of this case with C.A. No. 00-792. Rambus promptly rejected Micron's proposal, and then prepared and filed this motion requesting an extension less than a week later.

Micron's counsel has stated to Rambus's counsel that, because the complaint in this action was originally filed in Virginia in late February 2006, Rambus should not need more time now. Until Micron actually asserted its complaint in Delaware, however, there was no formal pleading to which Rambus could or was required to respond. Rambus was under no obligation to respond in Virginia[5] and Micron might well have decided not to pursue its RICO complaint at all, once the Virginia action was enjoined.

Moreover, now that the complaint is being asserted in Delaware, the impact of Third Circuit law needs to be considered, whereas Fourth Circuit law governed this action when it was pending in Virginia. As the Manual notes, "There has been significant litigation over the proper interpretation of several of the statutory elements" of RICO, "as well as conflicts among the circuits over the interpretation of certain elements peculiar to section 1962(c), such as 'conduct or participate.' Although sometimes referred to as 'terms of art,' their interpretation remains a matter of debate and has varied among the circuits." (*Manual for Complex Litigation*

---

(. . . continued.)

in this case to assist the Court in ruling on Rambus's motion to dismiss.

[5]    After the Court enjoined Micron from proceeding with its RICO claim against Rambus in Virginia, the Virginia court held that Rambus need not respond to the complaint in Virginia. Thus, Rambus had no obligation to respond to the complaint prior to its being docketed in Delaware on April 25.

at 694). Notably, "a plaintiff's failure to include factual allegations sufficient to satisfy basic components of each element, at least as that component has been interpreted within the relevant circuit, may result in dismissal." *Id.* Dismissal will be warranted here.

For the foregoing reasons, Rambus asks that its request for an extension to May 26, 2006 -- eleven days beyond the May 15, 2006 date to which Micron was willing to agree -- in order to answer, move or otherwise plead in response to the complaint be granted. There can be no prejudice to Micron and Rambus needs the additional time to be able fully to develop and present its motion to dismiss.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham (#2256)*

Mary B. Graham (#2256)
Rodger D. Smith (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
   *Attorneys for Defendant Rambus Inc.*

OF COUNSEL:

V. Bryan Medlock, Jr.
Charles W. Douglas
Thomas K. Cauley, Jr.
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois  60603
(312) 853-7000

Gregory P. Stone
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
35th Floor
Los Angeles, CA  90071
(213) 683-9100

Dated:  May 11, 2006

520144

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2006, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

> Frederick L. Cottrell, III, Esquire
> RICHARDS LAYTON & FINGER
> One Rodney Square
> Wilmington, DE  19801

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on May 11, 2006 upon the following individuals in the manner indicated:

| **BY E-MAIL** | **BY E-MAIL** |
|---|---|
| Frederick L. Cottrell, III, Esquire | Matthew D. Powers, Esquire |
| RICHARDS LAYTON & FINGER | WEIL, GOTSHAL & MANGES LLP |
| One Rodney Square | 201 Redwood Shores Parkway |
| Wilmington, DE  19801 | Redwood Shores, CA 94065 |
| cottrell@rlf.com | matthew.powers@weil.com |

/s/ Mary B. Graham (#2256)
Mary B. Graham (#2256)

- 7 -