IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICRON TECHNOLOGY, INC., and MICRON SEMICONDUCTOR PRODUCTS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> RAMBUS INC., <br><br> Defendant. | Civil Action No. 06-269-KAJ |

**MICRON'S OPPOSITION TO RAMBUS'S MOTION TO EXTEND TIME TO
RESPOND TO MICRON'S COMPLAINT**

Micron initially filed its Complaint against Rambus for violations of the Racketeer Influenced and Corrupt Organization Act ("RICO") and the statutory and civil conspiracy provisions of Virginia law on February 21, 2006 in the Eastern District of Virginia. Since then, Rambus has enjoyed three extensions of time – two extensions that it requested and one "extension" it acquired through the transfer of the case to this Court – that have allowed it to avoid responding to the Complaint for almost three months.

The eleven days of extra time currently requested by Rambus are immaterial in light of the nearly three months it has already had in which to consider the issues and prepare a response. But they are not immaterial to Micron, which seeks the consolidation of the RICO claims into October's unclean hands trial.[1] Having previously argued that these claims are duplicative, Rambus cannot reasonably contend that consolidation is inappropriate, so instead it seeks to

---

[1] *See* Docket Number ("D.I.") 765 (May 8, 2006).

1

foreclose consolidation through endless delays. The Court should reject Rambus's latest request for delay, deny its motion and order Rambus to respond immediately.

## THROUGH A SERIES OF EXTENSIONS, RAMBUS HAS ALREADY HAD ALMOST THREE MONTHS TO RESPOND TO THE COMPLAINT

Micron filed its original complaint in the Eastern District of Virginia on February 21, 2006. On March 9, 2006, Judge Payne granted Rambus an extension until March 28 to respond.[2] Shortly before March 28, Rambus requested an additional extension of two weeks. Micron agreed and Judge Payne issued an order allowing Rambus until April 11, 2006 to file its response.[3]

Rambus's time for response was extended yet again by virtue of the transfer of the Complaint to this Court. On February 28, 2006, Rambus filed a motion to enjoin the Virginia action, in which it argued that Micron should have originally filed the Complaint in this Court because it involves the same facts and issues raised in Civil Action No. 00-792-KAJ.[4] The Virginia action was enjoined on March 29, 2006, after a hearing during which Micron's counsel had stated its intention to make a motion to amend to add the RICO action to this case.[5] Thus, by that date, and certainly by April 13, 2006, when Judge Payne stated that his inclination was to

---

[2] *See* D.I. 11 (March 9, 2006).

[3] *See* D.I. 16 (March 24, 2006).

[4] *See* Civil Action No. 00-792-KAJ, D.I. 718.

[5] *See* Civil Action No. 00-792-KAJ, D.I. 752 at 26. Micron counsel stated, "[o]bviously, we're going to make a motion to amend to bring the case here."

transfer the case to this Court, Rambus was on notice that the case would likely be transferred.[6] The transfer was finalized on April 25, 2006.

Thus, Rambus has had just under three months in which to formulate a response to Micron's complaint.[7] As for its argument that it needs more time to evaluate variations in the RICO jurisprudence between the Third and Fourth Circuits,[8] it has had plenty of time in the full month that has elapsed since Rambus became aware of the transfer to this Court.

### MICRON REASONABLY DECLINED RAMBUS'S THIRD EXTENSION REQUEST TO AVOID POSSIBLE DISRUPTION OF A CONSOLIDATED OCTOBER TRIAL

Ignoring its familiarity with the Complaint, and the previous extensions that it has received, Rambus alleges that Micron unreasonably refused to agree to its most recent extension request. But as Micron has explained, it had genuine, pragmatic concerns that doing so would further delay the resolution of this action and the related Civil Action No. 00-792-KAJ. This latest request for time could disrupt Micron's motion to consolidate these two substantially similar cases and try them together this autumn.

Micron's motion for consolidation of the RICO claims into the first, "unclean hands," phase scheduled for October was brought on May 8, 2006 in order to expedite the resolution of these cases and avoid an unnecessary waste of judicial resources.[9] So when Rambus made yet another request for delay, Micron could only agree to it under circumstances that would not

---

[6] *See* Civil Action No. 00-792-KAJ, D.I. 751 (March 29, 2006). Rambus learned of Judge Payne's inclination to transfer in a conference call on April 13, 2006.

[7] Even if Rambus had been completely unaware that the case would be transferred after it was enjoined in Virginia, it still had more than two full months to prepare its response.

[8] *See* Rambus's Motion to Extend Time, D.I. 27 at 3, 5.

[9] D.I. 26.

potentially impact its bid for consolidation.[10] Micron attempted such a compromise but Rambus declined the offer. It is evident, therefore, that Rambus's goal is to prevent those claims from being tried together in October, and its prior position that the claims are duplicative of each other makes opposition on the merits problematic.

Were Rambus truly concerned about the complexities of the Third Circuit's RICO jurisprudence, or its ability to craft a satisfactory response to the Complaint, it could have moved for an extension on April 25, 2006. Instead, Rambus waited to file its motion until May 11, 2006, just two days before its current due date for response. Rambus's two previous requests were similarly timed, one coming five days before the operative due date and the other coming eight days before the due date, reinforcing the suggestion that Rambus seeks to foreclose any chance of consolidation and trial in October on claims *it argued* were duplicative of others already scheduled in October.

Now, almost three months since Micron first filed its RICO claim, it is time for Rambus to respond so this case can move forward.

## CONCLUSION

For the foregoing reasons, Micron respectfully requests that the Court deny Rambus's motion for an extension of time.

---

[10] Micron agreed to the extension on the condition that Rambus would "agree to consolidate and try [the] RICO [action] in October." Rambus's Motion To Extend Time, D.I. 27 at 2, n.2 (quoting a May 5, 2006 email from Micron Delaware counsel to Rambus Delaware counsel).

*Of Counsel:*

WEIL, GOTSHAL & MANGES LLP
Matthew D. Powers
Jared Bobrow
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1175
(650) 802-3000

QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
William C. Price
Jon R. Steiger
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

Dated: May 16, 2006

/s/ Frederick L. Cottrell
Frederick L. Cottrell, III (#2555)
Cottrell@rlf.com
Matthew W. King (#4566)
King@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Plaintiff Micron Technology, Inc.

RLF1-3014830-1

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2006, I electronically filed and hand delivered the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

>Mary B. Graham, Esquire
>Morris, Nichols, Arsht & Tunnell
>1201 North Market Street
>P.O. Box 1347
>Wilmington, DE 19899-1347
>
>Josy W. Ingersoll, Esquire
>Young Conaway Stargatt & Taylor
>Rodney Square North
>P.O. Box 391
>Wilmington, DE 19899-0391

I hereby certify that on May 16, 2006, I transmitted the document by Federal Express to the following non-registered participant:

Marc E. Raven, Esquire
Sidley Austin Brown & Wood LLP
10 S. Dearborn Street
Chicago, IL 60603

Gregory P. Stone, Esquire
Munger Tolles & Olson
355 South Grande Avenue, 35th Floor
Los Angeles, CA 90071

Matthew W. King (#4566)
(king@rlf.com)
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899