IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICRON TECHNOLOGY, INC., | ) | |
| | ) | |
| Plaintiff, and | ) | |
| Counterclaim Defendant, | ) | |
| v. | ) | |
| | ) | Civil Action No. 00-792-KAJ |
| RAMBUS INC., | ) | |
| | ) | |
| Defendant and | ) | |
| Counterclaim Plaintiff. | ) | |
| v. | ) | |
| | ) | |
| MICRON ELECTRONICS, INC., and | ) | |
| MICRON SEMICONDUCTOR | ) | |
| PRODUCTS, INC., | ) | |
| | ) | |
| Counterclaim Defendants. | ) | |
| MICRON TECHNOLOGY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 06-269-KAJ |
| | ) | |
| RAMBUS INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**RAMBUS INC.'S OPPOSITION TO PLAINTIFF
MICRON TECHNOLOGY'S MOTION TO CONSOLIDATE**

OF COUNSEL:

Charles W. Douglas
V. Bryan Medlock, Jr.
Thomas K. Cauley, Jr.
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois  60603
(312) 853-7000

Gregory P. Stone
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA  90071
(213) 683-9100

Dated:  May 22, 2006

MORRIS, NICHOLS, ARSHT & TUNNEL
Mary B. Graham (#2256)
Rodger D. Smith (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200

*Attorneys for Defendant/Counterclaim Plaintiff
Rambus Inc.*

Defendant Rambus Inc. ("Rambus") files this opposition to the motion of plaintiffs Micron Technology, Inc. and Micron Semiconductor Products, Inc. ("Micron") to consolidate Civil Action No. 06-269-KAJ ("06-269") with Civil Action No. 00-792-KAJ ("00-792"). Micron filed a complaint in the Eastern District of Virginia which asserted claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and a Virginia conspiracy statute. That case was transferred to this Court less than a month ago and is pending as Case No. 06-269. Micron now proposes that its RICO and Virginia conspiracy claims be tried in five months, along with the "unclean hands" claims that Micron has asserted in Case No. 00-792.

In July 2005, at Micron's request, this Court ruled that the first phase of Civil Action No. 00-792 would be a bench trial on "unclean hands." In March 2006, the Court – guided by the scope of such a trial on "unclean hands" issues – set a discovery cutoff date of July 31, 2006 and a trial date of October 2006. Now, Micron seeks to expand the scope of the trial it originally requested by attempting to consolidate its newly-minted RICO and state law conspiracy claims with that October bench trial. Micron proposes that both cases be simultaneously tried before a jury. Such a consolidation would seriously prejudice Rambus's ability to defend itself against the RICO claims, the state-law conspiracy claims, and the unclean hands allegations.

Micron ignores that its RICO claims raise a host of new legal issues that are unique to RICO and that will expand the scope of pre-trial motion practice and discovery. As an initial matter, because Rambus is accused of conduct that took place before 2001, Micron's claims are outside the four-year statute of limitations applicable to RICO claims. Even if Micron could show that its RICO claims are timely (which they are not), Micron needs to prove the existence of a RICO enterprise that is separate and distinct from Rambus. Additionally, Micron

1

would need to show that the actions of that enterprise caused a RICO injury to Micron's business or property. Furthermore, because it alleges predicate acts of mail and wire fraud, Micron is required by Federal Rule of Civil Procedure 9(b) to plead those allegations with specificity, which Micron has not done. Because of these and other issues, Micron's complaint, like most complaints with a RICO claim, will be the subject of extensive pre-trial motions. Those motions include a soon to be filed motion to dismiss and, if the complaint were to survive that motion, motions for summary judgment.

Consolidation of these two cases would also greatly increase the amount of discovery required before the October trial. Rambus would be entitled to extensive discovery relating to the RICO-specific elements in Micron's complaint. It would be unfair to expect Rambus to defend itself against consolidated RICO claims while simultaneously preparing to defend itself against Micron's "unclean hands" claims. And Rambus would be prejudiced if the October trial, which it has been preparing for since February, were once again delayed.

Furthermore, although it now seeks a jury trial, Micron already requested a bench trial on these claims and allegations when it raised them as a purely equitable "unclean hands" claim. The law in this Circuit is clear that a motion to consolidate a factually similar, later-filed complaint cannot be used to obtain a jury trial. Micron's proposal also attempts to force a jury trial into a schedule designed for a bench trial, ignoring the significant scheduling and other practical differences between bench and jury trials.

For these reasons, and for the reasons stated below, Micron's Motion to Consolidate should be denied.

## BACKGROUND

In July 2005, this Court ruled, at Micron's urging, that Civil Action No. 00-792 would be heard in three phases, the first of which would be a "bench trial" to resolve Micron's equitable claim that Rambus's patents are unenforceable due to "unclean hands." (*See* 00-792 Jul. 14, 2005 Tr. of Proceedings, at 18.) Although Micron has yet to set forth the precise allegations that it intends to rely upon at that trial (*see* 00-792 D.I. 767, Rambus Motion to Compel at 4-6), it has indicated that it will focus on allegations that Rambus "spoliated evidence" and/or engaged in "litigation misconduct." As the Court is aware, similar hearings or trials were held in two related Rambus cases - *Rambus Inc. v. Infineon Technologies AG*, Case No. 3:00cv524 (E.D. Va.) ("*Infineon*") and *Hynix Semiconductor Inc. v. Rambus Inc.*, Case No. 00cv20905 (N.D. Cal.) ("*Hynix*") – both of which involve the same patents that are at issue in this case. In March of 2005, the *Infineon* court orally ruled that Rambus could not enforce the patents at issue in that case, which was then settled before any written order was issued. In January 2006, the *Hynix* court issued a 41-page written decision in which the court did "not find dismissal to be an appropriate sanction because it did not find the application of the unclean hands doctrine to be warranted." (00-792 D.I. 704, *Hynix* Findings of Fact and Conclusions of Law on Unclean Hands Defense at 41.) Following that ruling, this Court scheduled the "unclean hands" bench trial in Civil Action No. 00-792 for October 23-27, 30-31, 2006, and set July 31, 2006 as the discovery cut-off for that phase of trial. (*See* 00-792 Feb. 9, 2006 Tr. of Proceedings at 5 *and* D.I. 739, Scheduling Order Re-Setting Case.)

Twelve days after the bench trial that Micron had requested was set for a specific date, and five and a half years after Micron filed Civil Action No. 00-792, Micron filed a lawsuit in the Eastern District of Virginia asserting RICO claims that are based on the same factual allegations that Micron contends support its "unclean hands" claim. (*See* 00-792 D.I. 719,

Rambus Motion to Enjoin.) Although that new complaint focuses on the same factual allegations, Micron has presented them under a very different legal theory. Micron now alleges that the document management policy developed and implemented by Rambus in 1998 constituted "racketeering" activity under RICO, and a civil conspiracy. (*Id.*) On March 29, 2006, this Court granted Rambus's motion to enjoin Micron from pursuing its RICO complaint in Virginia (and at the same time denied Rambus's motion to transfer this case to the Northern District of California). (*See* 00-792 D.I. 751.)

On April 25, 2006, the court in the Eastern District of Virginia transferred Micron's RICO and conspiracy case to this Court. On May 8, 2006, Micron moved to consolidate the trial of its RICO claims with the "unclean hands" bench trial in Civil Action No. 00-792. (*See* 00-792 D.I. 792, 06-269 D.I. 26.) Micron proposes that, after a single trial, its "RICO claims will be decided by a jury and its unclean hands defense will be decided by the Court." (*Id.* at 5.) Rambus opposes that motion, for the reasons stated in this memorandum in opposition to Micron's motion.

On May 11, 2006, Rambus requested that it have until May 26, 2006 to file a motion to dismiss Micron's RICO claim (*see* 06-269 D.I. 27), a request that Micron opposed on May 16, 2006 (*see* 06-269 D.I. 30). Rambus's reply to its Motion to Extend is due on May 23, 2006.

**LEGAL STANDARD**

When a party has moved to consolidate an action, the burden is on the moving party to prove that consolidation is appropriate. Wright & Miller, Federal Practice and Procedure: Civil 2d § 2383 *citing In re Consolidated Parlodel Litigation*, 18 F.R.D. 441 (D.C.N.J. 1998). Federal Rule of Civil Procedure 42(a) states that "[w]hen actions involving a

4

common question of law or fact are pending before the court, it *may* order a joint hearing or trial of any or all the matters in issue in the actions." Fed.R.Civ.Proc. 42(a) (emphasis added). However, "the mere existence of… common issues, although a prerequisite to consolidation, does not mandate a joint trial." *Cedars-Sinai Med. Ctr. v. Revlon, Inc.,* 111 F.R.D. 24, 32 (D.Del. 1986). "Although common issues are a prerequisite to consolidation, the Court must also consider such factors as the saving of money, time and effort and any prejudice to the rights of the parties as a result of the consolidation." *Tracinda Corp. v. DaimlerChrysler AG*, 2001 WL 849736 at *1 (D.Del. Jul. 26, 2001). Furthermore, the court must insure "that the plaintiff does not use the tactic of filing two substantially identical complaints to expand the procedural rights he would have otherwise enjoyed." *Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977).

## ARGUMENT

I.  **MICRON SHOULD NOT FORCE NEW, COMPLICATED RICO ISSUES INTO THE OCTOBER BENCH TRIAL AT THIS LATE DATE.**

It was Micron that requested a three-phase trial, and requested that the first of the three phases be an unclean hands bench trial. (*See* 00-792 Jul. 14, 2005 Tr. of Proceedings at 18.) ("I'm going to give Micron what it wants, which is the first thing we'll do is we'll have a bench trial on unclean hands.") Now, Micron seeks to add both complicated pre-trial issues and a jury trial to the bench trial that the parties and Court have planned on for months. This would add new, RICO-specific issues into an already scheduled trial, and would require pre-trial motion practice and discovery that are not contemplated by the current scheduling plan.

### a. Micron's RICO claim raises new legal issues that need to be fully considered through pre-trial motions.

Although Micron's RICO Complaint is based on many of the same underlying allegations as its unclean hands claims, it is based on very different *law*. That law requires Micron to prove additional elements at trial that are specific to its RICO claims. The inclusion of those new elements would expand the scope of the October trial, and would increase the amount of pre-trial discovery and motion practice that will take place. As Rambus argued in its Motion to Extend Time (*see* 06-269 D.I. 27), and as the Federal Manual of Complex Litigation acknowledges, it is very difficult to plead a RICO claim that satisfies the elements and requirements of the RICO statute. RICO pleading standards are so strict that the manual encourages courts to require a plaintiff to file, in addition to a complaint, a RICO case statement detailing the alleged racketeering activity. *Manual for Complex Litigation* at 706. (Rambus has asked Micron to submit such a RICO statement, but Micron has refused.) These kinds of complications are why courts have refused to consolidate RICO actions with previously filed cases, even where the facts and parties are the same. *See, e.g., New Kayak Pool Corp. v. Gerspach*, 1995 WL 13257 (W.D.N.Y. Jan. 11, 1995).

Consolidation would require Micron to prove all of the elements of a RICO claim and fraud at the October trial, and for this reason Rambus would have the right to file pre-trial motions aimed at Micron's RICO claims. First, Micron's RICO complaint faces a motion to dismiss (and a possible motion for summary judgment, if that motion to dismiss were denied) as a result of Micron's choice to bring these claim outside of the applicable statute of limitations. The Supreme Court has held that a four-year statute of limitations applies to civil RICO claims. *See Kleher v. A.O. Smith Corp.*, 521 U.S. 179, 183 (1997) (citing *Agency Holding Corp. v. Malley-Duff & Assoc., Inc.*, 435 U.S. 143, 156 (1987)). That statute of limitation period begins

6

to run when the plaintiff learns of its alleged injury – which is the harm caused by a RICO "predicate act." *See Sedima S.P.R.C. v. Imrex Co.*, 473 U.S. 479, 496 (1985). Here, virtually all of the alleged acts that form the basis for Micron's RICO claim took place in 1998, 1999 and 2000 – more than four years ago. It is clear that Micron has known of this alleged injury since at least August 31, 2001, because it moved to sanction Rambus at that time for largely the same conduct and injury that are alleged in its RICO complaint – i.e., the alleged destruction of relevant document and the alleged proffering of false deposition testimony. (*See* 00-792 D.I. 397, 398.) This problem is apparent from the face of Micron's complaint, as Rambus will argue more fully in its motion to dismiss.

Rambus will also be entitled to argue, both in pre-trial motions and at trial (if necessary) that Micron has not shown, as required, a RICO enterprise, because it has not proved: (1) the existence of an enterprise affecting interstate commerce; (2) that Rambus was associated with the enterprise; (3) that Rambus participated in the conduct or affairs of the enterprise and (4) that Rambus participated through a pattern of racketeering activity that included at least two racketeering acts. *See Nielsen Elec. Inst. v. Student Fin. Corp.*, 2001 WL 34367324 at *4 (D.Del. Jan. 16, 2001). Rambus will also argue that Micron has failed to establish, as it is required to, that the enterprise existed "separate and apart from the pattern of activity in which it engages" – i.e., that the enterprise did more than just commit the alleged wrongful acts. *U.S. v. Turkette*, 452 U.S. 576, 583 (1981). Rambus will also be entitled to show that Micron is unable to prove that there was a RICO enterprise that consisted of more than just Rambus and its employees, since Micron must prove that any alleged wrongful acts were committed by an enterprise that was *separate* from Rambus. *See R.R. Brittingham v. Mobile Corp.*, 943 F.2d 297, 301 (3d Cir. 1991) (distinction between "person" and "enterprise" "would be eviscerated if a

7

plaintiff could successfully plead that the enterprise consists of a defendant corporation in association with employees, agents or affiliated entities acting on its behalf.") Rambus will have the right to attack this showing by arguing in its motion to dismiss that Micron has not plead facts sufficient to show a distinct RICO enterprise – i.e., an enterprise that is separate from Rambus. If that motion is denied, Rambus would be entitled to argue at trial or in summary judgment that Micron had not shown that a distinct enterprise from Rambus existed that was also separate from the alleged wrongful acts.

Micron has also brought a Section 1962(d) RICO conspiracy claim. That claim will require Micron to first establish an underlying 1962(c) RICO violation. *See, e.g., Edwards* v. *First Nat'l Bank*, 872 F.2d 347 (10th Cir. 1989). Rambus will also be entitled to argue, separately, that Micron is unable to prove a conspiracy that goes beyond the predicate acts. *See Glessner* v. *Kenny*, 952 F.2d 702, 714 (3d Cir. 1991), *overruled on other grounds by Jaguar Cars, Inc. v. Royal Oaks Motor Car Co., Inc.*, 46 F.3d 258, 267 (3d Cir. 1995) ("mere agreement to commit the predicate acts is not sufficient to support a charge of conspiracy under § 1962(d).") Again, this will be the subject of pre-trial motions, and is another element that Micron would have to prove at trial if its complaint survives those motions.

Also, in order to succeed on the merits of its RICO claim, Micron will need to establish a RICO injury – i.e., an injury to Micron's "business or property" caused by one of the alleged predicate RICO acts. *See Sedima* 473 U.S. at 496. It will not be enough for Micron to show that it expended "employee time or attention," because absent a monetary loss there is no injury to "business or property." *See Berg v. First Interstate Ins. Co.*, 915 F.2d 460 (9th Cir. 1990) (personal injury, such as emotional distress, is not compensable under RICO). Micron will also need to show a connection between the predicate illegal acts and the injury, and is

8

required to show that "the connection is proximate, i.e., not too remote." *Callahan v. A.E.V., Inc.*, 182 F.3d 237, 260 (3d Cir. 1999). This topic will also be the subject of pre-trial motions – including Rambus's motion to dismiss.

Although Micron's RICO complaint is based on the same factual allegations as its unclean hands claim, it is clear that new issues are raised when the legal framework of RICO is added to those allegations.[1] These new issues introduce new procedural hurdles for the parties, which would be inappropriate to add to the schedule at this late date.

### b. Micron's RICO claim will require extensive additional discovery and pretrial motion practice and will delay resolution of this case.

Micron's Motion to Consolidate spends three pages arguing what Rambus and the Court have already acknowledged – that Micron's complaint in this case is based on the same factual allegations that are pending before this Court in Civil Action No. 00-792. (Motion to Consolidate at 4-8.) Micron claims that because the factual allegations are the same, Rambus "cannot reasonably contest" its motion to consolidate. (*Id.*) However, common factual issues are only a threshold matter that allows the Court to exercise its discretion to consolidate actions. *Cedars-Sinai Medical Center* 111 F.R.D. at 32. Micron must further show that "such factors as the saving of money, time and effort and any prejudice to the rights of the parties" favor consolidation (*Tracinda Corp.*, 2001 WL 849736 at *1). Micron spends less than a page of its motion arguing that consolidation "will not cause inconvenience, delay or expense to either party," and it provides no citation or support for this argument. (Motion to Consolidate at 8-9.) Micron has therefore not met its burden to show that consolidation is appropriate.

---

[1] In addition, similar issues may be raised regarding Micron's claims that are based on Virginia law.

9

In fact, because of the RICO specific legal issues and hurdles identified above, consolidation with a long-planned bench trial would be manifestly unfair to Rambus. Other courts faced with a request to consolidate a RICO case with a pre-existing lawsuit have recognized the complications inherent in a RICO claim and have rejected motions to consolidate. The court in *New Kayak Pool Corp.*, for example, refused to consolidate a case asserted under the Lanham Act and state law with a subsequently filed suit alleging the same facts but adding a RICO claim. *Id.* at *2. In ruling that consolidation was inappropriate even though the two cases involved the same parties and factual allegations, the court explained that:

> The defendants… have failed to convince this Court… that trying the two cases jointly would advance the goals consolidation is designed to serve. The Court fails to see that such would avoid unnecessary costs-the introduction of the RICO claim into the first action might even increase costs as additional discovery might be warranted (indeed, such is requested by the defendants) and the legal issues become more complex (as they normally do in the context of RICO) and both will result in additional delays.

*Id.* In *Train, Inc. v. Pro-Ed, Inc.*, 1993 WL 45084 (E.D. Pa Feb. 22, 1993), the court granted a motion to consolidate a subsequently-filed RICO claim with a previously-filed, factually identical claim, but only after "extending the discovery deadline to ensure the Defendants have ample opportunity to assess and develop a defense to Plaintiff's cause of action." *Id.* at *3. Micron cites to no case, and Rambus has not located a case, where a court has consolidated a RICO claim with an existing, factually similar claim mere months before trial, while at the same time holding the parties to previously-imposed discovery deadlines, as Micron now requests.

The RICO-specific elements identified above would clearly expand the scope of a trial, pre-trial motion practice and pre-trial discovery. As discussed above, Rambus will soon file a motion to dismiss, and believes that will put an end to this RICO claim and render the arguments presented in Micron's Motion to Consolidate moot. Micron has failed to plead facts

10

sufficient to establish the existence of a distinct RICO enterprise or a RICO injury, and statute of limitations problems are apparent on the face of Micron's RICO complaint.

If Micron's complaint were to survive the pleading stage, extensive discovery would then need to be taken on RICO-specific issues. Rambus would be entitled to discover, among other things, when Micron learned about Rambus's document management practices, and whether Micron can provide any information that would demonstrate a "RICO" injury. Furthermore, Micron's RICO complaint relies upon mail and wire fraud for its predicate acts. Federal Rule of Civil Procedure 9(b) requires Micron to plead those allegations with particularity, which Micron has not done. Micron's complaint fails even to identify a single specific act of mail or wire fraud or the party who committed the act, let alone describes the time, place or other specifics required by Rule 9(b)  Micron should be required to amend its complaint to provide that detail, or Rambus will be required to obtain that detail in discovery.

After discovery, additional pre-trial motion practice, not contemplated by the current scheduling order, would need to take place. Rambus would have a right to move for summary judgment on Micron's RICO (and Virginia civil conspiracy) claims. If, for example, Micron could not produce any evidence in discovery that demonstrated a RICO injury, it would lose its RICO claim on summary judgment. Furthermore, as shown below, the fact that Micron proposes to try its RICO clam before a jury would lead to further motions *in limine* and possible motion practice over jury selection and jury instructions. None of this pre-trial motion practice or discovery is contemplated by the current order scheduling the "unclean hands" bench trial, as it is all related either to the jury trial or to the RICO-specific, fraud-specific or civil-conspiracy specific elements of Micron's new complaint.

11

Micron's only argument in support of its claim that Rambus will not be prejudiced by consolidation is that "the RICO claims… are not only based upon the same facts as Micron's unclean hands defense, Rambus has known about these claims since February." (Motion to Consolidate at 8.) As demonstrated above, the fact that the two claims are based on the same facts means very little, given the additional elements that Micron would need to prove to support its RICO claims. Although Micron originally filed its duplicative claims against Micron in Virginia in February, Rambus did not know at that time that Micron would ultimately seek to try its RICO case in Delaware in October. Even though Micron has had since at least as early as 2001 to file its RICO claims before this Court, it chose not to do so until February of this year, and then it chose to file that complaint in the Eastern District of Virginia. This case was only transferred to this Court on April 25 – when only six months remained until the "unclean hands" trial – and, following the injunction of the Virginia action, Rambus had no obligation to begin preparing a response to Micron's complaint in this Court until the case was actually transferred here.

If it survives a motion to dismiss, then Micron's RICO complaint will require extensive discovery and pre-trial motion practice. The discovery schedule that is in place did not contemplate that additional pre-trial activity. Rambus will be prejudiced if it is forced to conduct RICO discovery and other pre-trial, RICO-specific activity while at the same time preparing, in an already tight time frame, for the upcoming unclean hands trial. For all of these reasons, Micron's Motion to Consolidate should be denied.

## II. MICRON IS IMPROPERLY USING A MOTION TO CONSOLIDATE TO EXPAND ITS PROCEDURAL RIGHTS.

Although a bench trial on Micron's "unclean hands" claims has been set in this case since July 2005, Micron now demands a jury trial on the same factual allegations, which it

proposes will follow the same pre-trial schedule as the scheduled bench trial and will be tried simultaneously. Micron has, however, already chosen to raise these claims in the form of an equitable "unclean hands" claim, and has requested a bench trial. Now, Micron belatedly attempts to use the filing of a second, largely duplicative complaint to put these allegations before a jury at the October trial. The law is clear that Micron cannot expand its procedural rights in this manner. The Third Circuit has clearly held that:

> [A] plaintiff [cannot] use the tactic of filing two substantially identical complaints to expand the procedural rights he would have otherwise enjoyed. In particular, the court must insure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints, Fed.R.Civ.Proc. 15, and demand for trial by jury, Fed.R.Civ.Proc. 38.

*Walton*, 563 F.2d at 71. *See also In re Prudential Sec. Inc. Ltd. P'ships. Litig.*, 158 F.R.D. 562, 570 (S.D.N.Y. 1994). In *Walton*, the court held that consolidation of a similar complaint was appropriate, but that since the plaintiff had not timely demanded a jury when the first complaint was filed she could not demand a jury trial in connection with the second complaint. *Walton*, 563 F.2d at 71. Here, Micron has already chosen to have these factual allegations tried at an October bench trial, and it cannot use a motion to consolidate to belatedly request that the same claims be tried before a jury this October as well.

Micron's proposal also ignores the practical differences between a bench trial and a jury trial, and attempts to force a jury trial into a schedule designed for a bench trial. From a scheduling perspective, a jury trail and a bench trial are very different. The current scheduling order does not, for example, contemplate jury selection, *voir dire* or jury instructions – all of which would take significant time. Furthermore, the addition of a jury trial will almost certainly result in the filing of more motions *in limine* than would be filed at a bench trial. *See Sprague v. Gen. Motors Corp.*, 145 F.R.D. 418, 420 (E.D. Mich. 1992) (denying motion to hold a joint

13

bench-jury trial and noting that "jury trials are much more time consuming than bench trials, as they include *voir dire*, motions *in limine*, jury instructions, etc."). Micron's proposal – that the parties and Court simply proceed on the same track that was designed for a bench trial – ignores these practical realities.

Granting Micron's motion to consolidate would in effect reward it for waiting more than five years to bring these claims and then, once it brought them, improperly splitting its claims and filing them in another district. Micron could have brought its RICO complaint when it first made these allegations in 2001, or before July 2005 (when the Court decided to hold a bench trial on unclean hands), or even before February 2006 (when the Court set a date for that unclean hands trial). Now, Rambus has spent months preparing for an "unclean hands" bench trial. It should not, at this late date, be forced to prepare to defend a RICO jury-trial as well. Rambus has already been forced to devote resources to address briefing of the injunction motion resulting from Micron having improperly filed its RICO complaint in Virginia. Rambus is now devoting still more resources to preparing a motion to dismiss that complaint. If Rambus is forced to continue devoting resources to addressing Micron's RICO complaint rather than preparing for the unclean hands trial, then Micron's delay in filing that RICO complaint would continue to prejudice Rambus and give Micron a tactical advantage.

## **CONCLUSION**

For these reasons, Micron's Motion to Consolidate should be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham (#2256)*
_____
Mary B. Graham (#2256)
Rodger D. Smith (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
*Attorneys for Defendant Rambus Inc.*

OF COUNSEL:

V. Bryan Medlock, Jr.
Charles W. Douglas
Thomas K. Cauley, Jr.
SIDLEY AUSTIN BROWN & WOOD LLP
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois  60603
(312) 853-7000

Gregory P. Stone
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
35th Floor
Los Angeles, CA  90071
(213) 683-9100

May 22, 2006
520273

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2006, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

> Frederick L. Cottrell, III, Esquire
> RICHARDS LAYTON & FINGER
> One Rodney Square
> Wilmington, DE  19801

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on May 22, 2006 upon the following individuals in the manner indicated:

**BY HAND DELIVERY AND E-MAIL**

Frederick L. Cottrell, III, Esquire
RICHARDS LAYTON & FINGER
One Rodney Square
Wilmington, DE  19801

**BY E-MAIL**

Matthew D. Powers, Esquire
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065

*/s/ Mary B. Graham (#2256)*

Mary B. Graham (#2256)