**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

MICRON TECHNOLOGY, INC.,      )
                              )
          Plaintiff,       )
    v.                       )
                              )
RAMBUS INC.,               )
                              )     Civil Action No. 06-269-KAJ
         Defendant.    )
                              )
RAMBUS INC.,               )
                              )
         Counterclaim Plaintiff,   )
    v.                       )
                              )
MICRON TECHNOLOGY, INC., MICRON )
ELECTRONICS, INC., and MICRON     )
SEMICONDUCTOR PRODUCTS, INC.,    )
                              )
        Counterclaim Defendants.    )
                              )

**RAMBUS INC.'S REPLY IN SUPPORT OF ITS MOTION TO EXTEND TIME TO
RESPOND TO MICRON'S COMPLAINT**

        In its Motion to Extend Time to Respond, Rambus requests until May 26, 2006 to

respond to Micron's recently-filed complaint that contains claims based upon the Racketeer

Influenced and Corrupt Organizations Act ("RICO"), as well as civil conspiracy claims based on

Virginia state law.  As Rambus explained in its opening brief, this brief extension is warranted

because (1) Micron's complaint, like most RICO complaints, raises numerous threshold issues

that should be addressed at the pleading stage; (2) Rambus believes it has a meritorious motion

to dismiss, and (3) Rambus requires a brief extension in order to fully address all of the issues

raised by Micron's 139 paragraph complaint.  Micron does not offer any reasons that would

justify denial of Rambus's modest, reasonable request.

        Micron's primary argument against extension is that Rambus has known about

these claims for "almost three months" and has already been granted extensions to respond.  (*See*

Micron Resp. at 1.)  This argument has no merit.  When Micron first filed its complaint three months ago, it chose to do so in *another district*, in a concerted attempt to burden Rambus and force it to defend itself against the same factual allegations in two places at once.  Micron's current suggestion that Rambus should simultaneously have been preparing a motion to dismiss in Delaware ignores the circumstances as Micron created them.  As Micron knows, Rambus was forced to devote significant resources towards obtaining a court order enjoining Micron from proceeding with that action.  Rambus was not required during that time to prepare a response in anticipation of Micron later choosing to bring in Delaware the same complaint that Micron had elected to file, and battled to keep, in Virginia.  Indeed, one of the primary bases of Rambus's Motion to Enjoin was that Rambus should not have been forced to devote its resources to litigating Micron's later-filed, factually duplicative complaint, as Rambus was entitled to be free of "the vexation of subsequent litigation over the same subject matter."  (*See* 00-792 D.I. 719 at 14, *quoting Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 930 (3d Cir. 1941).)

Micron refers to two extensions that Rambus received from the court in the Eastern District of Virginia in March 2006.  (*See* Micron Resp. at 2.)  Rambus only requested these extensions so that it would not be required to respond to Micron's Complaint in the Eastern District of Virginia while its Motion to Enjoin was pending with this Court.  It was Micron's own actions that necessitated those extensions.  In particular, after Micron filed its complaint in the Eastern District of Virginia, Rambus requested a thirty-day extension of the deadline for a response, so that it would have time to file and argue the Motion to Enjoin.  Micron agreed only to a two-week extension.  Nevertheless, Rambus still attempted to resolve the issue without the need for any further extensions by filing a Motion for Expedited Consideration in Delaware which, if granted, would have required Micron to respond to the Motion to Enjoin before an

answer was due in Virginia.[1]  (*See* 00-792 D.I. 721.)  Micron decided to oppose that motion, thus requiring an additional extension.  Given that it was Micron's own actions and opposition to Rambus's Motion for Expedited Consideration that necessitated the two extensions in the first place, Micron should not be heard now to rely on them in support of its opposition to Rambus's reasonable request for an extension.

After this Court enjoined Micron from proceeding with its complaint in the Eastern District of Virginia, there was no way that Rambus could have or should have known when or if the action, in the same or different form, would be transferred to this district.  Micron did not initially suggest transferring this case to this district; it was the Court in the Eastern District of Virginia that first proposed a transfer.  Micron did not notify the Virginia court that it consented to transfer until April 14, and the case was not docketed in this Court until April 25. Thus, it has in fact been less than a month since there was a RICO complaint on file for Rambus to respond to, and until then it would have been unreasonable to require Rambus to devote any resources towards anticipating and answering Micron's complaint, especially since it was preparing for the "unclean hands" trial that is scheduled to begin in October.

Micron also argues than an extension would disrupt Micron's motion to consolidate the two actions.  (Micron Resp. at 3-4.)  But Micron has already filed that motion (*see* 00-792 D.I. 765, 06-269 D.I. 26), and Rambus has filed a response (*see* 00-792 D.I. 775, 06-269 D.I. 31).  Thus, any extension will not affect Micron's Motion to Consolidate.

When Rambus first requested this extension, Micron's response was to propose a conditional "compromise" that would have forced Rambus to "agree to consolidate and try [the] RICO [action] in October."  (Micron Resp. at 4, n. 10 *quoting* Micron's E-mail to Rambus.) Rambus could not agree to such a condition because, for the reasons stated in its Opposition to

---

[1]     Under the rules in the Virginia court, a defendant must file an answer even if the defendant files a motion to dismiss.

Micron's Motion to Consolidate, consolidation of a jury trial on Micron's new RICO claims with the already-scheduled bench trial on unclean hands would be inappropriate, would seriously prejudice Rambus's ability to defend itself, and would be impractical, given the current schedule. (*See* 00-792 D.I. 775, 06-269 D.I. 31.)

Micron's suggestion that Rambus improperly waited until May 11 until filing this Motion for an Extension ignores the actual circumstances. Micron's RICO complaint was docketed on April 25. On April 27 – only *two days* later – Rambus's counsel asked Micron's counsel to agree to an extension. Micron waited until May 5 to inform Rambus that it would not grant the extension beyond May 15 without attaching its unacceptable conditions. (*See* Micron Resp. at 4, n. 10.) Rambus filed its Motion to Extend less than a week later.

Furthermore, it was Micron who caused the delay in having this case transferred to Delaware in the first place. If Micron believed it had meritorious RICO and civil conspiracy claims, it should have filed them in this forum back in 2001. Instead, Micron waited four and a half years to bring its claims. Even then it brought them in the Eastern District of Virginia, and after this Court properly enjoined that action Micron waited two weeks to notify the Virginia Court about the injunction. Micron then waited another ten days before telling the Virginia Court that it would agree to transfer here.

Rambus attempted in good faith to resolve its request for an extension without the involvement of the Court. It was only after Micron tried to force Rambus to agree to consolidation as a condition of an extension – which Rambus believes would seriously prejudice its rights – that Rambus filed a Motion to Extend.

As Rambus has already noted (*see* Rambus Motion at 3-4), motions to dismiss are especially important in the civil RICO context, where "addressing issues early in the case can reveal the presence of fatal flaws in the complaint before the court or the parties expend

significant resources." (*Manual for Complex Litigation* at 708.)   Rambus has requested until

May 26 to respond – one month from the filing of the complaint in Delaware – so that it can fully

consider all of the legal issues that are raised by Micron's complaint.   Because good cause exists

to grant Rambus's motion and there is no prejudice to Micron, Rambus asks that its Motion for

an Extension of Time be granted.

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| OF COUNSEL: | /s/ Mary B. Graham |
| V. Bryan Medlock, Jr. | Mary B. Graham (#2256) |
| Charles W. Douglas | Rodger D. Smith (#3778) |
| Thomas K. Cauley, Jr. | 1201 N. Market Street |
| SIDLEY AUSTIN LLP | P.O. Box 1347 |
| Bank One Plaza | Wilmington, DE  19899-1347 |
| One South Dearborn Street | (302) 658-9200 |
| Chicago, IL  60603 | |
| (312) 853-7000 | *Attorneys for Rambus Inc.* |

Gregory P. Stone
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
35th Floor
Los Angeles, CA  90071
(213) 683-9100

Dated:  May 23, 2006

521713

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 23, 2006 I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

>Frederick L. Cottrell, III, Esquire
>RICHARDS LAYTON & FINGER
>One Rodney Square
>Wilmington, DE 19801

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on May 23, 2006 upon the following individuals in the manner indicated:

| <u>BY E-MAIL</u> | <u>BY E-MAIL</u> |
|---|---|
| Frederick L. Cottrell, III, Esquire | Matthew D. Powers, Esquire |
| RICHARDS LAYTON & FINGER | WEIL, GOTSHAL & MANGES LLP |
| One Rodney Square | 201 Redwood Shores Parkway |
| Wilmington, DE 19801 | Redwood Shores, CA 94065 |

*/s/ Mary B. Graham*
Mary B. Graham (#2256)