IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICRON TECHNOLOGY, INC., <br><br> Plaintiff, and <br> Counterclaim Defendant, <br><br> v. <br><br> RAMBUS INC., <br><br> Defendant and <br> Counterclaim Plaintiff. | Civil Action No. 00-792-KAJ <br><br> and <br><br> Civil Action No. 06-269-KAJ |

**PLAINTIFF MICRON TECHNOLOGY INC.'S REPLY MEMORANDUM
IN SUPPORT OF ITS MOTION TO CONSOLIDATE**

*Of Counsel:*

WEIL, GOTSHAL & MANGES LLP
Matthew D. Powers
Jared Bobrow
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1175
(650) 802-3000

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
William C. Price
Jon R. Steiger
Dominic Surprenant
Diane C. Hutnyan
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

Dated: May 30, 2006

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Plaintiff Micron Technology, Inc.

RLF1-3019751-1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ...................................................................................................................1

ARGUMENT............................................................................................................................2

I. PRE-TRIAL MOTION PRACTICE AND DISCOVERY WILL BE
   COMPLETED WELL BEFORE THE OCTOBER TRIAL DATE ...................................2

   A. Briefing on Rambus's Motion to Dismiss Will Be Completed Shortly ...................2

   B. The Parties Can Complete Discovery by the July 31, 2006 Deadline if the
      Actions are Consolidated ...................................................................................3

   C. Other Pre-Trial Motion Practice Can and Will Be Completed Before the
      October Trial ......................................................................................................4

II. CONSOLIDATION IS APPROPRIATE UNDER THE FACTS OF THIS CASE .............5

III. MICRON IS NOT SEEKING TO EXPAND ITS PROCEDURAL RIGHTS ....................7

CONCLUSION.........................................................................................................................9

# TABLE OF AUTHORITIES

## CASES

*Cedars-Sinai Med. Ctr. v. Revlon, Inc.*,
   111 F.R.D. 24 (D. Del. 1986) ................................................................................................6, 7

*Discount Bank and Trust Co. v. Salomon Inc.*,
   141 F.R.D. 42 (S.D.N.Y. 1992) ...................................................................................................6

*New Kayak Pool Corp. v. Gerspach*,
   No. 93-CV-0784E(M), 1995 WL 13257 (W.D.N.Y. Jan. 11, 1995) ..........................................5

*In re Prudential Sec. Inc. Ltd. P'ship Litig.*,
   158 F.R.D. 562 (S.D.N.Y. 1994) .................................................................................................7

*Tracinda Corp. v. DaimlerChrysler AG*,
   No. CIV. A. 00-984-JJF, 2001 WL 849736 (D. Del. 2001) .......................................................6

Train, Inc. v Pro-Ed, Inc.,
   No. CIV. A. 92-CV-5510, 1993 WL 45084 (E.D. Pa. Feb. 22, 1993) ...................................5, 6

Walton v. Eaton Corp.,
   563 F.2d 66 (3d Cir. 1977) .......................................................................................................6, 7

*Waste Distillation Tech., Inc. v. Pan Am. Res., Inc.*,
   775 F. Supp. 759 (D. Del. 1991) .................................................................................................6

RLF1-3019798-1

## INTRODUCTION

Micron moved to consolidate the two related actions pending before this Court because they involve nearly identical factual allegations and trying the actions together will preserve the parties' and the Court's resources. Rambus concedes that there is extensive factual overlap between the actions, but still opposes Micron's motion. It argues that adding Micron's RICO claims to the October unclean hands trial will somehow prejudice Rambus because it intends to file a motion to dismiss the RICO complaint, conduct discovery, and move for summary judgment. This argument lacks merit. Because Rambus's Motion to Dismiss will be fully briefed and ripe for decision by late June, it does not present an impediment to proceeding with a consolidated trial in late October. Further, due to the significant overlap in the factual allegations at issue in both actions, discovery in a consolidated action can and will be completed by July 31, 2006. Finally, once discovery is complete in July, any appropriate pre-trial motions regarding the RICO claims can be fully briefed and considered well before the start of trial. As is typical in this Court, pretrial motions should not be an impediment to discovery or trial preparation.

Rambus's Opposition also fails to refute Micron's argument that established legal precedent supports consolidation under the facts of this case. Notably, in most of the cases cited in Rambus's own Opposition brief, the courts consolidated separate actions that were factually similar to conserve the resources of the parties and the courts. The only case Rambus discusses in its Opposition where consolidation was rejected is a district court case from another jurisdiction where the plaintiff sought consolidation to make an end-run around a discovery cut-off date. It has no bearing on the instant action.

Finally, Rambus argues in its Opposition brief that allowing consolidation would somehow improperly expand Micron's procedural rights because a jury would need to decide Micron's RICO claims. This argument falls flat. The Third Circuit has recognized that it is appropriate to permit a jury trial where, as here, an action to be consolidated raises new legal issues.

## ARGUMENT

### I. PRE-TRIAL MOTION PRACTICE AND DISCOVERY WILL BE COMPLETED WELL BEFORE THE OCTOBER TRIAL DATE

Rambus concedes that the RICO Complaint "focuses on the same factual allegations" as this action. Rambus Inc.'s Opposition to Plaintiff Micron Technology's Motion to Consolidate ("Rambus Opp.") at 9. As a result, Rambus devotes a substantial portion of its Opposition brief to the argument that it will be prejudiced by consolidation because Micron's RICO claims are based on new legal theories. Specifically, Rambus contends that consolidation "would add new, RICO-specific issues into an already scheduled trial, and would require pre-trial motion practice and discovery that are not contemplated by the current scheduling plan." Rambus Opp. at 5.

Rambus's concerns about the purported impact of consolidation on scheduling are unavailing. There is more than adequate time for the parties to complete discovery and pre-trial motion practice before a consolidated trial. The presence of new legal issues will have little impact on discovery given Rambus's concession that the facts and evidence relevant to the RICO action directly overlap with the facts and evidence relevant to the instant action.

#### A. Briefing on Rambus's Motion to Dismiss Will Be Completed Shortly

Rambus argued at length in its Opposition brief that consolidation is not feasible because it intends to seek dismissal of Micron's RICO Complaint. Indeed, on May 26, 2006, Rambus filed its Motion to Dismiss. (06-269-KAJ D.I. 33). Rambus's filing, however, has no impact on

2

the feasibility of consolidating the two actions because its motion to dismiss will be resolved quickly. Micron's opposition to Rambus's motion is required to be served and filed no later than June 12, 2006 and Rambus's reply in support of the motion will then be due on June 19, 2006. As a result, the Motion to Dismiss will be fully briefed and ripe for decision by late June. Because briefing on Rambus's Motion to Dismiss is well underway and will be completed later this month, it presents no impediment to consolidation. In any event, discovery and trial preparation typically are not stayed pending a dispositive motion such as the one filed here; nor has Rambus asked for such a stay.

### B.  The Parties Can Complete Discovery by the July 31, 2006 Deadline if the Actions are Consolidated

Moreover, there will be no prejudice to Rambus in terms of its ability to complete discovery if the two actions are consolidated. There is more than adequate time for the parties to complete discovery in the consolidated action by the July 31 deadline. Pursuant to the Court's Scheduling Order (00-792-KAJ D.I. 739), each side is entitled to take 100 hours of additional fact testimony by deposition and to serve 25 additional interrogatories prior to the unclean hands trial. While written discovery has commenced, neither party has started to depose witnesses for the unclean hands phase of the trial. Depositions are expected to take place in June and July. Accordingly, both parties are still able to schedule any depositions they deem necessary.

In addition, consolidation will not appreciably increase the discovery each party requires prior to trial. As Rambus concedes, "Micron's RICO Complaint is based on many of the same underlying allegations as its unclean hands claims . . ." Rambus Opp. at 6. Given the extensive factual overlap between the two cases, the discovery for the consolidated case will largely duplicate the discovery that the parties currently plan to conduct. As a result, both parties can

3

complete discovery in compliance with the Scheduling Order's limits if this action is consolidated.

Rambus has identified only a handful of areas where it will purportedly require discovery concerning "RICO-specific issues." The only issues that Rambus raised in its Opposition are: (1) "when Micron learned about Rambus's document management practices, and whether Micron can provide any information that would demonstrate a 'RICO' injury"; and (2) Micron's allegations concerning mail and wire fraud. Rambus Opp. at 11. Rambus can easily conduct whatever discovery it deems necessary in these discrete areas within the limits of the Scheduling Order. Despite its conclusory statements that consolidation would expand the scope of discovery, Rambus has offered no explanation why discovery on these specific issues could not be completed by July 31, 2006.

### C.     Other Pre-Trial Motion Practice Can and Will Be Completed Before the October Trial

Rambus's argument that it would be prejudiced if it had to complete post-discovery motion practice in a consolidated action prior to the October 23 trial date also falls flat. In support of this contention, Rambus first refers to its contemplated motion for summary judgment. But there is more than adequate time for this motion to be briefed and considered prior to the scheduled trial date. This Court's Local Rules provide that motions are to be fully briefed no later than three weeks after they are filed. Discovery will be completed by July 31. As a result, Rambus could file its motion for summary judgment (assuming there are even grounds for such a motion) as late as September and still have it considered well in advance of the October 23 unclean hands trial.

Nor does the filing of motions in *limine* present an obstacle to consolidation. The Scheduling Order Re-Setting Case for Trial already contemplates that motions in *limine* will be

filed. It also sets forth specific limitations on the number and length of such motions. Accordingly, Rambus's claim that motions in *limine* present an impediment to consolidation is meritless.

## II.   CONSOLIDATION IS APPROPRIATE UNDER THE FACTS OF THIS CASE

Rambus asserts in its Opposition that "courts have refused to consolidate RICO actions with previously filed cases, even where the facts and parties are the same." Rambus Opp. at 6. The cases Rambus cites to support this proposition are inapposite. In *New Kayak Pool Corp. v. Gerspach*, No. 93-CV-0784E(M), 1995 WL 13257 (W.D.N.Y. Jan. 11, 1995), the plaintiff filed a second action asserting RICO claims only after the court had denied the plaintiff's motion to enlarge the discovery period in the first action. *Id.* at *1. The filing of a second action in state court therefore constituted a flagrant attempt to circumvent the court's discovery schedule. Further, the court found that consolidation "might even increase costs as additional discovery might be warranted," and that additional discovery and more complex legal issues would result in delays. *Id.* at *2. In contrast, Micron's RICO claims can be consolidated with the unclean hands trial without extending the Scheduling Order and at a savings to the parties and their witnesses.

Rambus further relies on *Train, Inc. v Pro-Ed, Inc.*, No. CIV. A. 92-CV-5510, 1993 WL 45084 (E.D. Pa. Feb. 22, 1993), which also has no bearing here. As Rambus correctly notes, the *Train* court granted a motion to consolidate an action with later-filed RICO claims. *Id.* at *3. Although the court extended the discovery deadline, it did so only to avoid prejudice to (1) a defendant who was never properly served and had not participated in previous discovery, and (2) a defendant who was not named in the first-filed action. *Id.* Neither of those potentially

5

prejudicial circumstances is present here, as Rambus has been a party to this case from the beginning and has fully participated in discovery.

Notably, Rambus's Opposition makes no mention of *Discount Bank and Trust Co. v. Salomon Inc.*, 141 F.R.D. 42 (S.D.N.Y. 1992). In *Salomon Inc.*, the court consolidated two separate actions for pre-trial purposes because it found that "the only claim made by [the plaintiff] which was not made in prior class actions is a RICO claim." 141 F.R.D. at 44. Because "[t]he predicate racketeering acts . . . involve the same conduct and alleged violations charged in earlier class action complaints," the *Discount Bank* court deemed consolidation proper. *Id.* Rambus's Opposition also disregards this Court's decision in *Waste Distillation Tech., Inc. v. Pan Am. Res., Inc.*, 775 F. Supp. 759 (D. Del. 1991), a case cited by Micron in its Motion to Consolidate. In *Waste Distillation*, the Court held that consolidation was appropriate because "[b]oth suits involve[d] the same plaintiff, an identical factual setting, the same witnesses, documents, and exhibits." *Id.* at 761. As in *Discount Bank* and *Waste Distillation*, the two actions Micron seeks to consolidate involve essentially the same conduct.

Finally, in its Opposition brief, Rambus itself cites to numerous cases that ordered the consolidation of separate actions. *See Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977) ("The district court's decision to consolidate [the plaintiff's] two actions was obviously unobjectionable."); *Train, Inc. v Pro-Ed, Inc.*, No. CIV. A. 92-CV-5510, 1993 WL 45084, at *3 (E.D. Pa. Feb. 22, 1993) ("This Court concludes that consolidation of these actions is appropriate to prevent 'needless duplication' of trials and to promote efficient adjudication of the issues."); *Cedars-Sinai Med. Ctr. v. Revlon, Inc.*, 111 F.R.D. 24 (D. Del. 1986); *Tracinda Corp. v. DaimlerChrysler AG*, No. CIV. A. 00-984-JJF, 2001 WL 849736 (D. Del. 2001) ("consolidation will further those goals [of coordination and cooperation] by requiring the parties to coordinate

their efforts while simultaneously increasing the efficient handling of these cases and easing the administrative burdens on the Court."); *In re Prudential Sec. Inc. Ltd. P'ship Litig.*, 158 F.R.D. 562 (S.D.N.Y. 1994). These authorities cited by Rambus further reinforce the proposition that consolidation is appropriate in cases where it will promote efficiency.

### III. MICRON IS NOT SEEKING TO EXPAND ITS PROCEDURAL RIGHTS

Rambus also asserts that Micron is seeking to "expand its procedural rights" through the instant motion. Rambus Opp. at 13. Relying on *Walton v. Eaton Corp.*, 563 F.2d 66 (3d Cir. 1977), Rambus argues that Micron should not be allowed to try its RICO claims to a jury. *Walton* is inapplicable. In *Walton*, the Third Circuit held that consolidation of two actions was appropriate, but found that the plaintiff was not entitled to a jury trial on her second complaint because it raised no new issues. *Id.* at 71-74. The plaintiff in *Walton* had sought to "revive" her right to a jury trial on her first action by filing a second complaint that was "[i]n almost all respects . . . indistinguishable from her first." *Id.* at 70. The Third Circuit rejected this effort, holding that a party could not "revive" a previously waived right to a jury trial through the artifice of seeking consolidation with an almost identical, second-filed action. *Id.* at 70-71.

Unlike *Walton*, Micron is not seeking to "revive" a lost right to a jury trial through consolidation with a second, essentially identical complaint.[1] Rather, Micron's second complaint, which includes RICO claims and claims under Virginia law, is based on new legal theories. As the Third Circuit made clear in *Walton*, a "[j]ury trial may be demanded for any 'new issues' raised by the amended pleadings." 563 F.2d at 71; *see also Cedars-Sinai*, 111

---

[1] Indeed, because unclean hands is an equitable defense to be tried before a court, Micron could not have asked for a jury trial regarding unclean hands. Thus, it is not seeking to revive a lost right.

7

F.R.D. at 31-32 (granting motion to consolidate after deciding that filing of second action was not "merely a procedural ploy by the plaintiff to gain what it lost through its own fault," and that later-filed action contained a "meritorious, timely claim"). Thus, far from advancing Rambus's position, *Walton* supports consolidation.

Finally, Rambus's additional argument that Micron delayed in filing the RICO Complaint to gain an advantage is equally infirm. As Micron argued in opposition to Rambus's motion to enjoin the RICO action in the Eastern District of Virginia, crucial information regarding Rambus's misconduct emerged only after Micron had filed its complaint for declaratory judgment in this Court, when the Virginia court pierced Rambus's attorney-client privilege under the crime/fraud exception. *See* 00-792-KAJ D.I. 732 at 11-12. Accordingly, there is no merit to Rambus's contention that the RICO Complaint should have been brought prior to February 21, 2006, when Micron filed the Complaint with the Virginia court.

## CONCLUSION

Consolidation is appropriate given the factual overlap between these two actions. Moreover, Rambus will still have adequate time to complete discovery and file any contemplated motions if the actions are consolidated. As a result, Micron respectfully requests that the Court grant its Motion to Consolidate.

*Of Counsel:*

WEIL, GOTSHAL & MANGES LLP
Matthew D. Powers
Jared Bobrow
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1175
(650) 802-3000

QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
William C. Price
Jon R. Steiger
Dominic Surprenant
Diane C. Hutnyan
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

/s/ Frederick L. Cottrell
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Plaintiff Micron Technology, Inc.

Dated: May 30, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2006, I electronically filed and hand delivered the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

>Mary B. Graham, Esquire
>Morris, Nichols, Arsht & Tunnell
>1201 North Market Street
>P.O. Box 1347
>Wilmington, DE 19899-1347
>
>Josy W. Ingersoll, Esquire
>Young Conaway Stargatt & Taylor
>Rodney Square North
>P.O. Box 391
>Wilmington, DE  19899-0391

I hereby certify that on May 30, 2006, I transmitted the document by Federal Express to the following non-registered participant:

| | |
|---|---|
| Thomas K. Cauley, Jr., Esquire<br>Sidley Austin Brown & Wood LLP<br>10 S. Dearborn Street<br>Chicago, IL  60603 | Gregory P. Stone, Esquire<br>Munger Tolles & Olson<br>355 South Grande Avenue, 35th Floor<br>Los Angeles, CA  90071 |

/s/ Matthew W. King
Matthew W. King (#4566)
(king@rlf.com)
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE  19899